## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCIA KONDO, <br><br>          Plaintiff, <br><br>      v. <br><br> ALEXANDRE PELLON FRANCISCO DE LIMA, PAULO PELLON, THAIS NUNES, and DOE <br><br>         Defendants. | Case No. _____ |

## <u>COMPLAINT</u>

NOW COMES the Plaintiff, Marcia Kondo ("Kondo"), individually and by her attorney, Ahmed M. Minhaj of Legal Aid Society of Metropolitan Family Services, and complains against Defendants Alexandre Pellon Francisco de Lima ("A Pellon"), Paulo Pellon ("P Pellon"), Thais Nunes, and unknown corporate entity Doe. Mrs. Kondo alleges as follows:

### PRELIMINARY STATEMENT

1.      This action is brought to remedy failure to pay overtime wages and the minimum wage, in violation of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and the Chicago Minimum Wage Ordinance (CMWO).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to 42 U.S.C. § 1331 (federal

question) and 29 U.S.C. § 216(b) over the FLSA claims and § 1367 (supplemental

jurisdiction) over the IMWL and CMWO claims.

3.      Venue is proper in the Northern District of Illinois pursuant to 42 U.S.C.

§ 12117(a), 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391, because the employment

practices giving rise to Mrs. Kondo's claims all occurred in Chicago, Illinois.

4.      This case is timely filed within the statutes of limitations of the FLSA, the IMWL,

and the CMWO.

## PARTIES

5.      Mrs. Kondo is a current resident of Chicago, Illinois.  Mrs. Kondo was employed

by Mr. A Pellon, Mr. P Pellon, Ms. Nunes, and Doe in their business of leasing

apartments and renting them for short stays through various online services such as

AirBnB and Booking.com.

6.      Mr. A Pellon is the principal owner and operator of Doe, a short-term apartment

rental business, which has been advertised as "Be Home" on Facebook and other

websites.  Mr. A Pellon controlled and operated Be Home.  He also hired Mrs. Kondo,

directed Mrs. Kondo's work, controlled her hours, and set her pay.  Mr. A Pellon was an

employer of Mrs. Kondo for all relevant times.

7.      Mr. P Pellon is Mr. A Pellon's brother and partner in Be Home, and had various

controlling, operating, and administrative responsibilities within the Be Home

organization, including bringing cash to the United States from Brazil and renting

apartments under his name. Mr. P Pellon was an employer of Mrs. Kondo for all relevant times.

8.     Ms. Nunes is a partner with Mr. A Pellon in the Be Home organization, and had various controlling, operating, and administrative responsibilities within the Be Home organization, including renting apartments under her name and bringing cash to the United States from Brazil. Ms. Nunes was an employer of Mrs. Kondo for all relevant times.

9.     Doe is a business owned by Mr. A Pellon, Mr. P Pellon, and Ms. Nunes that engages in short-term apartment rental business in Chicago and, upon information and belief, in New York. Doe employed greater than 10 people during the relevant time period. Doe was an employer of Mrs. Kondo for all relevant times. The true name of the corporate entity of Doe is unknown to Mrs. Kondo, and is referred to as "Be Home" in the individual Defendants' advertisements for the organization. These advertisements appeared on Facebook, Instagram, and other social media and were directed at potential customers in Brazil and throughout the United States. Doe engaged in interstate commerce. We will amend this Complaint to state Doe's true name once it has been ascertained. We refer to Doe as "Be Home" in this Complaint.

## FACTUAL BACKGROUND

10.     On or about September 17, 2018, Mr. A Pellon hired Mrs. Kondo to work for Be Home. Mrs. Kondo began working for Be Home on a trial basis through September 30, 2018. During this time, Mrs. Kondo was paid $100/day by Mr. A Pellon.

11.     During this trial period, Mrs. Kondo worked approximately 13 hours per day for 6 days a week, but was required to be available to work on the 7th day.

12.     On October 1, 2018, Mrs. Kondo began her regular employment for Be Home. She continued to work for Be Home through April 2019.

13.     Mrs. Kondo's duties included cleaning apartments, check-in and checkout of guests, coordinating employee and guest schedules, and various non-managerial tasks of the business.

14.     Except for the month of December 2018, all of Mrs. Kondo's work took place in Chicago, Illinois.  In December 2018, she worked for Be Home remotely (from Brazil), where she continued her online administrative duties.

15.     With the exception of December 2018, Mrs. Kondo typically worked 13 hours per day for 6 or 7 days per week.  In December 2018, Mrs. Kondo worked approximately 8 hours per day for 6 or 7 days per week.

16.     For October and November 2018, Mr. A Pellon paid Mrs. Kondo $2,700 per month on behalf of Be Home.  For December 2018, he paid Mrs. Kondo $500 on behalf of Be Home. For January through April 2019, Mr. A Pellon paid Mrs. Kondo $3,000 per month.

17.     The salary that Mrs. Kondo received resulted in an hourly wage of approximately $7.37 per hour for all the hours she worked in a month where she was paid $2,700, approximately $8.19 per hour in a month where she was paid $3,000, and approximately $7.69 per hour in the trial period when she was paid $100 per day.

18.     Mrs. Kondo did not receive any pay differential for hours she worked that were beyond 40 hours per week, though she worked more than 40 hours per week every week of her employment with Be Home.

19.     Mr. A Pellon often required that Mrs. Kondo travel between several apartments during the day to perform the cleaning, checking in, and checking out work. Mr. A Pellon did not reimburse Mrs. Kondo for those travel expenses. Mr. A Pellon mocked Mrs. Kondo and said that he did not need to reimburse for travel because she had two legs.

20.     Mrs. Kondo's work required her to travel between apartments leased by Be Home. The travel expenses Mrs. Kondo incurred were approximately $105 per month (the price of a 30-day pass from the Chicago Transit Authority). Be Home did not reimburse the travel expense, which reduced Mrs. Kondo's hourly wage to approximately $7.09 in months where she was paid $2,700, approximately $7.91 per hour in months where she was paid $3,000, and approximately $7.40 per hour when she was paid $100 per day.

21.     Mr. A Pellon did not permit Mrs. Kondo to take meal breaks. Mr. A Pellon suggested that employees bring snack bars and shakes to consume while working.

22.     Mr. A Pellon was verbally abusive with and excessively demanding of his employees including Mrs. Kondo. For example, Mr. A Pellon demanded that his employees work during the dangerous "polar vortex" freezing weather Chicago experienced in January 2019, and still did not reimburse travel expenses between apartments. He would also demand that his employees work in potentially dangerous

situations, requiring Mrs. Kondo and another employee to expel 14 screaming guests who refused to leave from an apartment rental on St. Patrick's Day.

23.    In April 2019, Mr. A Pellon informed Mrs. Kondo of a plan to recruit Brazilians for employment while having them arrive in the US on travel visas.  Mrs. Kondo refused to participate in this labor trafficking scheme.

24.    In April 2019, Mrs. Kondo ended her employment with Be Home.

## COUNT I – VIOLATION OF THE FLSA, 29 U.S.C. § 207

## BE HOME - FAILURE TO PAY OVERTIME WAGES

25.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26.    In the relevant time period, Be Home engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

27.    Mrs. Kondo was not exempt from overtime wages under the FLSA.

28.    Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

29.    Be Home and its officers were aware of the requirement to pay Mrs. Kondo overtime wages and willfully refused to do so.

30.    As a direct and proximate result of the above alleged willful and reckless acts and omissions by Be Home, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.      Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.      Grant Marcia Kondo liquidated damages;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE FLSA, 29 U.S.C. § 207

## A PELLON - FAILURE TO PAY OVERTIME WAGES

31.      Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

32.      In the relevant time period, Be Home engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

33.      Mrs. Kondo was not exempt from overtime wages under the FLSA.

34.      Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

35.      Mr. A Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. A Pellon, as Be Home's principal owner and operator, willfully refused to pay Mrs. Kondo her due overtime wages.  Mr. A Pellon hired Mrs. Kondo, directed Mrs. Kondo's work at Be Home, scheduled her hours, and set her pay.

36.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. A Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.     Grant Marcia Kondo liquidated damages;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

**COUNT III – VIOLATION OF THE FLSA, 29 U.S.C. § 207**

**P PELLON - FAILURE TO PAY OVERTIME WAGES**

37.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

38.     In the relevant time period, Be Home engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

39.     Mrs. Kondo was not exempt from overtime wages under the FLSA.

40.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

41.     Mr. P Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. P Pellon, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages. Mr. P Pellon directed Mrs. Kondo's work at Be Home.

42.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. P Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and liquidated damages.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.     Grant Marcia Kondo liquidated damages;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

<div align="center">

**COUNT IV – VIOLATION OF THE FLSA, 29 U.S.C. § 207**

**NUNES - FAILURE TO PAY OVERTIME WAGES**

</div>

43.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

44.     In the relevant time period, Be Home engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

45.     Mrs. Kondo was not exempt from overtime wages under the FLSA.

46.    Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

47.    Ms. Nunes was aware of the requirement to pay Mrs. Kondo overtime wages. Ms. Nunes, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages.  Ms. Nunes directed Mrs. Kondo's work at Be Home.

48.    As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. P Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.    Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.    Grant Marcia Kondo liquidated damages;

C.    Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.    Grant Marcia Kondo such further relief as this Court deems just and equitable.

**COUNT V – VIOLATION OF THE IMWL**

**BE HOME - FAILURE TO PAY OVERTIME WAGES**

49.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

50.    Mrs. Kondo was not exempt from overtime wages under the IMWL, and Be Home was not exempt from paying overtime wages.

51.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

52.     Be Home and its officers were aware of the requirement to pay Mrs. Kondo overtime wages and willfully refused to do so.

53.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Be Home, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.      Grant Marcia Kondo damages in the amount of her unpaid overtime wages;

B.      Grant Marcia Kondo treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and equitable.

**COUNT VI – VIOLATION OF THE IMWL**

**A PELLON - FAILURE TO PAY OVERTIME WAGES**

54.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

55.     Mrs. Kondo was not exempt from overtime wages under the IMWL, and Mr. A Pellon and Be Home were not exempt from paying overtime wages under the IMWL.

56.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

57.     Mr. A Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. A Pellon, as Be Home's principal owner and operator, willfully refused to pay Mrs. Kondo her due overtime wages.  Mr. A Pellon hired Mrs. Kondo, directed Mrs. Kondo's work at Be Home, scheduled her hours, and set her pay.

58.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. A Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages;

B.     Grant Marcia Kondo treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT VII – VIOLATION OF THE IMWL

## P PELLON - FAILURE TO PAY OVERTIME WAGES

59.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

60.     Mrs. Kondo was not exempt from overtime wages under the IMWL, and Be Home and Mr. P Pellon were not exempt from paying overtime wages under the IMWL.

61.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

62.     Mr. P Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. P Pellon, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages.  Mr. P Pellon directed Mrs. Kondo's work at Be Home

63.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. P Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.      Grant Marcia Kondo damages in the amount of her unpaid overtime wages;

B.      Grant Marcia Kondo treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT VIII – VIOLATION OF THE IMWL

## NUNES - FAILURE TO PAY OVERTIME WAGES

64.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

65.     Mrs. Kondo was not exempt from overtime wages under the IMWL, and Be Home and Ms. Nunes were not exempt from paying overtime wages under the IMWL.

66.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

67.     Ms. Nunes was aware of the requirement to pay Mrs. Kondo overtime wages. Ms. Nunes, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages.  Ms. Nunes directed Mrs. Kondo's work at Be Home.

68.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Ms. Nunes, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages;

B.     Grant Marcia Kondo treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT IX

## VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-040

## BE HOME - FAILURE TO PAY OVERTIME WAGES

69.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

70.     Mrs. Kondo was not exempt from overtime wages under the CMWO, and Be Home was not exempt from paying overtime wages under the CMWO and its supporting rules.

71.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

72.     Be Home and its officers were aware of the requirement to pay Mrs. Kondo overtime wages and willfully refused to do so.

73.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Be Home, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.     Grant Marcia Kondo treble damages;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT X

## VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-040

## A PELLON - FAILURE TO PAY OVERTIME WAGES

74.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

75.     Mrs. Kondo was not exempt from overtime wages under the CMWO, and Be Home and Mr. A Pellon were not exempt from paying overtime wages under the CMWO and its supporting rules.

76.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

77.     Mr. A Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. A Pellon, as Be Home's principal owner and operator, willfully refused to pay Mrs. Kondo her due overtime wages.  Mr. A Pellon directed Mrs. Kondo's work at Be Home, scheduled her hours, and set her pay.

78.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. A Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.      Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.      Grant Marcia Kondo treble damages;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT XI – VIOLATION OF THE CMWO, CHICAGO, ILLINOIS MUNICIPAL CODE § 1-24-040

### P PELLON - FAILURE TO PAY OVERTIME WAGES

79.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

80.    Mrs. Kondo was not exempt from overtime wages under the CMWO, and Be Home and Mr P Pellon were not exempt from paying overtime wages under the CMWO and its supporting rules.

81.    Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40 per week.

82.    Mr. P Pellon was aware of the requirement to pay Mrs. Kondo overtime wages. Mr. P Pellon, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages.  Mr. P Pellon directed Mrs. Kondo's work at Be Home.

83.    As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. P Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this

Honorable Court:

A.      Grant Marcia Kondo damages in the amount of her unpaid overtime

wages and interest;

B.      Grant Marcia Kondo treble damages;

C.      Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.      Grant Marcia Kondo such further relief as this Court deems just and

equitable.

## COUNT XII

## VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-040

## NUNES - FAILURE TO PAY OVERTIME WAGES

84.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

85.     Mrs. Kondo was not exempt from overtime wages under the CMWO, and Be

Home and Ms. Nunes were not exempt from paying overtime wages under the CMWO

and its supporting rules.

86.     Mrs. Kondo was not paid overtime wages for the hours she worked beyond 40

per week.

87.     Ms. Nunes was aware of the requirement to pay Mrs. Kondo overtime wages.

Ms. Nunes, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her

due overtime wages.  Ms. Nunes directed Mrs. Kondo's work at Be Home.

88.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Ms. Nunes, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including lost overtime wages and treble damages.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages and interest;

B.     Grant Marcia Kondo treble damages;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

<div align="center">

**COUNT XIII**

**VIOLATION OF THE CMWO MUNICIPAL CODE OF CHICAGO § 1-24-020**

**BE HOME - FAILURE TO PAY MINIMUM WAGES**

</div>

89.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

90.     No exemption for minimum wage under the CMWO or its supporting rules applied to either Mrs. Kondo or Be Home.

91.     Mrs. Kondo's effective hourly wage was approximately $7.09 in months where she was paid $2,700, approximately $7.91 per hour in months where she was paid $3,000, and approximately $7.40 per hour when she was paid $100 per day.

92.     Be Home willfully refused to pay Mrs. Kondo her due minimum wages.

93.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Be Home, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid overtime wages;

B.     Grant Marcia Kondo treble damages;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT XIV

## VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-020

## A PELLON - FAILURE TO PAY MINIMUM WAGES

94.     Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

95.     No exemption for minimum wage under the CMWO or its supporting rules applied to either Mrs. Kondo, Be Home, or Mr. A Pellon.

96.     Mrs. Kondo's effective hourly wage was approximately $7.09 in months where she was paid $2,700, approximately $7.91 per hour in months where she was paid $3,000, and approximately $7.40 per hour when she was paid $100 per day.

97.     Mr. A Pellon, as Be Home's principal owner and operator, willfully refused to pay Mrs. Kondo her due minimum wages.  Mr. A Pellon hired Mrs. Kondo, directed Mrs. Kondo's work at Be Home, scheduled her hours, and set her pay.

98.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. A Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and treble damages.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.     Grant Marcia Kondo damages in the amount of her unpaid minimum wages and interest;

B.     Grant Marcia Kondo treble damages;

C.     Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.     Grant Marcia Kondo such further relief as this Court deems just and equitable.

<div align="center">

**COUNT XV**

**VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-020**

**P PELLON - FAILURE TO PAY MINIMUM WAGES**

</div>

99.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

100.    No exemption for minimum wage under the CMWO or its supporting rules applied to either Mrs. Kondo, Be Home, or Mr. P Pellon.

101.    Mrs. Kondo's effective hourly wage was approximately $7.09 in months where she was paid $2,700, approximately $7.91 per hour in months where she was paid $3,000, and approximately $7.40 per hour when she was paid $100 per day.

102.    Mr. P Pellon, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due minimum wages.  Mr. P Pellon directed Mrs. Kondo's work at Be Home.

103.    As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. P Pellon, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including the unpaid minimum wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.    Grant Marcia Kondo damages in the amount of her unpaid minimum wages and interest;

B.    Grant Marcia Kondo treble damages;

C.    Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.    Grant Marcia Kondo such further relief as this Court deems just and equitable.

## COUNT XVI

## VIOLATION OF THE CMWO, MUNICIPAL CODE OF CHICAGO § 1-24-020

## NUNES - FAILURE TO PAY MINIMUM WAGES

104.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

105.    No exemption for minimum wage under the CMWO or its supporting rules applied to either Mrs. Kondo, Be Home, or Ms. Nunes.

106.    Mrs. Kondo's effective hourly wage was approximately $7.09 in months where she was paid $2,700, approximately $7.91 per hour in months where she was paid $3,000, and approximately $7.40 per hour when she was paid $100 per day.

107.    Ms. Nunes, as a Be Home owner and director, willfully refused to pay Mrs. Kondo her due overtime wages.  Ms. Nunes directed Mrs. Kondo's work at Be Home.

108.    As a direct and proximate result of the above alleged willful and reckless acts and omissions by Ms. Nunes, Mrs. Kondo suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and treble damages.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, Plaintiff, Mrs. Marcia Kondo, respectfully requests that this Honorable Court:

A.    Grant Marcia Kondo damages in the amount of her unpaid minimum wages and interest;

B.    Grant Marcia Kondo treble damages;

C.    Grant Marcia Kondo attorneys' fees, costs, and disbursements, and;

D.    Grant Marcia Kondo such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

109.    Mrs. Kondo requests a jury trial on all issues of fact and law raised by the

allegations of this Complaint.

<div style="margin-left: 50%;">

Respectfully Submitted,
MARCIA KONDO, Plaintiff
By: s/ Ahmed Minhaj
Ahmed Minhaj, Attorney for Plaintiff

</div>

Ahmed Minhaj, ARDC#: 6297216
Attorney for Plaintiff
Legal Aid Society
One North Dearborn St.
Suite 1000
Chicago, IL 60602
(312) 986-4122
MinhajA@metrofamily.org